# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Don L. Jackson, | ) |
|       Plaintiff, | ) |
| | ) Civil Action No. 2:17-cv-3299-PMD-JDA |
| v. | ) |
| | ) |
| Smith & Downey, P.A.; Douglas W. Desmarais, individually and as a representative of Smith & Downey; and Infinity Support Services, Inc., | ) |
|       Defendants. | ) |

This matter is before the Court on Defendants' objections to United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation ("R & R") (ECF Nos. 33 & 31). For the reasons set forth below, the Court overrules Defendants' objections and grants in part and denies in part Defendants' motion to dismiss.

## BACKGROUND

This action arises out of underlying litigation between Plaintiff Don L. Jackson and Defendant Infinity Support Services, Inc. As no objection is made to the Magistrate Judge's recitation of the facts, and no clear error is found therein, the Court adopts that portion of the R & R and includes the relevant portion of those facts here. Jackson alleged in the underlying case that he was subjected to racial discrimination and harassment while employed with Infinity, and he was terminated for reporting that discrimination. After Jackson and Infinity settled the underlying case, their lawyers worked on drafting a settlement agreement. However, Infinity's lawyer, Defendant Douglas W. Desmarais, never disclosed that the Ohio Child Support Payment Central ("OCSPC") had contacted him and asserted a lien against the settlement payments owed to Jackson. After the

settlement agreement was finalized, Desmarais sent correspondence to Jackson's lawyer with copies of checks made out to OCSPC, rather than to Jackson. As a result, Jackson alleges in relevant part that Infinity breached the settlement agreement by paying OCSPC and contends that it is liable to him for breach of contract. Importantly, Jackson alleges that neither he nor his attorney had notice of any lien from OCSPC or from Desmarais.

## PROCEDURAL HISTORY

The Magistrate Judge filed her R & R on June 18, 2018. Defendants filed objections to the R & R on July 2, and Jackson responded on July 16. Jackson did not file any objections of his own to the R & R. Accordingly, this matter is ripe for consideration.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id*. Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id*. A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

Defendants only object to the R & R's conclusion that Jackson's breach of contract claim against Infinity should survive their motion to dismiss. Their objection, which they also argued before the Magistrate Judge, is based on the Magistrate Judge's determination that Defendants were relying on records beyond the face of the complaint in support of the motion and that Defendants were essentially raising an affirmative defense, which is generally inappropriate at the motion to dismiss stage. According to Defendants, Infinity cannot be liable to Jackson for breach of contract because the settlement agreement contained a caveat that the settlement payments Infinity owed Jackson were subject to "withholdings required by law." Defendants contend that OCSPC's child support lien against Jackson constituted a withholding required by law, and that therefore they had not breached the settlement agreement. The Court agrees with the Magistrate Judge that this issue requires analysis of documents and facts beyond the face of the complaint such that disposition at the motion to dismiss stage is inappropriate. Specifically, Jackson disputes the veracity of the child support order, he contends that Defendants never provided him notice of that order, and he further contends that even if that order were valid he would still be entitled to some of the settlement funds. In light of the procedural posture of the case and the disputed issues, the Court agrees with the Magistrate Judge that Jackson's breach of contract claim against Infinity should proceed, while his remaining claims against Defendants should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R & R and **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.

**AND IT IS SO ORDERED**.

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**August 6, 2018**
**Charleston, South Carolina**